46416.   BEAVERS et al. v. MASTAN COMPANY, INC.

JORDAN, Presiding Judge. The Mastan Company, assignee of ABC Windows of Atlanta, Inc. sought to recover the balance on an open account allegedly due ABC Windows by Beavers and his wife, d/b/a Dalton Metal Sash & Door Company. The defendants asserted a counterclaim in excess of the claim alleging various deficiencies in goods purchased from ABC Windows, and expenses incurred by reason of the alleged deficiencies. They appeal the grant of summary judgments for the plaintiff allowing a substantial amount of the claim, and denying the counterclaim in its entirety. *Held:*
Under settled law, the plaintiff, as the movant for summary judg-

ments on the claim and counterclaim, had the burden of establishing without dispute in fact and as a matter of law all essential elements of its claim, and disproving in fact and as a matter of law any basis for recovery by the defendants on the counterclaim which would extinguish all or any part of the asserted claim. The summary judgment on the claim, as based on the motion by the plaintiff, is for an amount admittedly due to the plaintiff's assignor by the defendants, and so shown on their records, unless the defendants are entitled to credits against this amount by reason of their counterclaim. The evidence with respect to the counterclaim reveals, and a jury might so determine, a continuing course of business between the defendants, as the buyer, and the plaintiff's assignor, now bankrupt, as the seller, in which deliveries, even though accepted by the seller, may have been accepted conditionally, subject to adjustment upon discovery of defects during or immediately following installation, inspection for defects upon delivery being neither feasible nor expected. The record shows transactions before and after the effective date in Georgia of Article 2 of the UCC, i.e., January 1, 1964, but it is only necessary to note, in respect to the appeal now before this court, that whatever the extent that Article 2 of the UCC applies (e.g., see Code Ann. §§ 109A-2—607, 109A-2—714, 109A-2—715, 109A-2—717), as well as pre-existing law, there appear to be genuine issues of fact regarding the counterclaim, and that the defendants are not foreclosed as a matter of law from recovery on the counterclaim for credit against the admitted balance due on the open account.

*Judgment reversed. Quillian and Evans, JJ., concur.*
Submitted September 13, 1971—Decided October 1, 1971.

*Pittman, Kinney, Kemp, Pickell & Avrett, H. E. Kinney,* for appellants.
*Walter H. Bolling,* for appellee.